**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANTHONY HOUSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:14-cv-430-TWP-DML |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**
**and Denying Certificate of Appealability**

Petitioner Anthony Houston is an Indiana state prisoner currently incarcerated at Pendleton

Correctional Facility.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the

reasons explained in this Entry, Mr. Houston's petition for a writ of habeas corpus must be **denied**

and the action **dismissed with prejudice**.  In addition, the Court finds that a certificate of

appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

On March 2, 1994, Mr. Houston was sentenced to one year in prison after having pled

guilty to criminal recklessness and carrying a handgun without a license (the "1994 Conviction").

Mr. Houston was subsequently convicted, on August 13, 1998, of murder, adjudicated a habitual

offender based at least in part on the 1994 Conviction, and sentenced to ninety-five years'

imprisonment (the "1998 Conviction").

Mr. Houston filed a petition for post-conviction relief in state court on February 1, 2002,

which challenged his 1998 Conviction.  That petition was denied on November 22, 2002, and Mr.

Houston did not appeal that decision to the Indiana Court of Appeals.

Mr. Houston filed another petition for post-conviction relief in state court on April 27, 2006, which challenged the 1994 Conviction.  He withdrew that petition on April 16, 2007, but refiled it on July 8, 2011, and it was eventually denied.  The Indiana Court of Appeals affirmed the denial of post-conviction relief, and Mr. Houston did not file a petition to transfer to the Indiana Supreme Court.

Mr. Houston, proceeding *pro se*, filed the instant petition for a writ of habeas corpus in this Court.  He contends that the guilty plea that led to his 1994 Conviction was unconstitutionally obtained because he was no properly advised regarding the possible consequences of his plea.  After multiple supplemental filings, Mr. Houston's petition is now ripe for ruling.

## II. Discussion

A federal court has jurisdiction over a habeas petition only if the petitioner is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  To meet the "in custody" requirement, the petitioner must actually be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Therefore, "[a]s a general matter, if a petitioner 'is no longer serving the sentences imposed pursuant to' the conviction challenged in a petition, he 'cannot bring a federal habeas petition directed solely at' that conviction." *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (quoting *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)).

It is not entirely clear from Mr. Houston's initial habeas petition which of his two previous convictions he seeks to challenge.  It initially appeared as if Mr. Houston sought to challenge his 1994 Conviction, as that is the conviction he lists at the beginning of the petition and his single claim relates to that conviction.  Given this, the respondent argued that Mr. Houston is no longer

in custody for his 1994 Conviction and therefore this Court lacks jurisdiction over his habeas petition.

After several supplemental filings by the respondent on this issue, Mr. Houston eventually responded and asserts that the custody determination for his 1994 Conviction is essentially irrelevant. Specifically, he argues that he is challenging his 1998 Conviction—for which he remains in custody—so the Court has jurisdiction over his habeas petition, and he is raising issues regarding the 1994 Conviction because it was used as a predicate conviction for the habitual offender enhancement he received for his 1998 Conviction. (*See* Filing No. 19 at 1). Although it appears that Mr. Houston is no longer in custody for his 1994 Conviction, the Court accepts Mr. Houston's position that he is challenging his 1998 Conviction as enhanced by his 1994 Conviction. This comports with Mr. Houston's statement in his initial habeas petition, where he asserts that he is "using [the 1994 Conviction] to attack a current confinement." (Filing No. 1 at 5).

Given the foregoing clarification of Mr. Houston's habeas petition, the Court must determine first whether the Court has jurisdiction over such a challenge, and if so, whether Mr. Houston's claim is cognizable. The Seventh Circuit has recently addressed almost this exact situation, and in doing so, explained the law as follows:

> *Maleng* holds that when sentence A has expired but has been used to augment sentence B, the prisoner is "in custody" only on sentence B. The consequences of sentence A for sentence B do not yield continued "custody" *on sentence* A, the Court concluded. [However,] a person in custody on sentence B may contend that that custody violates the Constitution if it was augmented because of an invalid sentence A . . . . Whether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A is a matter of comity and the rules of preclusion, not of "custody."

*Stanbridge*, 791 F.3d at 721 (quoting *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990)). Therefore, the Seventh Circuit has explained, a federal court "would have jurisdiction over [a] petition [challenging sentence B]." *Id.*

However, a federal court "would be barred from addressing the merits of [the petitioner's] claim that his [sentence B] is predicated on an invalid prior conviction. That is because the question that [the Seventh Circuit] left open in *Crank*—'[w]hether the federal court with jurisdiction over the custodian holding the prisoner on sentence B may inquire into the validity of sentence A'— was definitively answered in the negative by the Supreme Court in . . . *Coss*." *Id.* In *Coss*, the Supreme Court "held that 'once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.'" *Id.* at 721-22 (quoting *Coss*, 532 U.S. at 403).  "'If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.'" *Id.* at 722 (quoting *Coss*, 532 U.S. at 403-04).

Mr. Houston's habeas petition presents the exact scenario contemplated in *Coss*, as further explained by the Seventh Circuit in *Stanbridge*.  These cases reveal that the Court has jurisdiction over Mr. Houston's petition because he is ultimately challenging his 1998 Conviction—for which he is currently in custody—even though the basis for that challenge is that the sentence he received for his 1998 Conviction was enhanced by his allegedly unconstitutional 1994 Conviction. However, the 1994 Conviction is "conclusively valid" given that the conviction is "no longer open to direct or collateral attack in its own right because [Mr. Houston] . . . unsuccessfully [challenged it in state court]." *Id.* at 721-22 (citation and quotation marks omitted).  As explained in *Coss*, "[i]f [a conclusively valid] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.'" *Id.* at 722 (quoting *Coss*, 532 U.S. at

403-04).  Because this is precisely what Mr. Houston attempts to do in the instant habeas petition, it must be denied.[1]

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court."  *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted).  The petitioner has encountered the hurdle produced by the limitations to challenges of enhanced sentences set forth by the Supreme Court in *Coss*.  His petition for a writ of habeas corpus is therefore **denied with prejudice**.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).  The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  5/11/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Supreme Court in *Coss* recognized one exception to this rule, and at least suggested that there may be a second exception.  Neither of them apply here.  First, "a petitioner may challenge the prior conviction when it 'was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment.'"  *Stanbridge*, 791 F.3d at 722 (quoting *Coss*, 532 U.S. at 404).  Mr. Houston was represented during his 1994 Conviction and does not raise any challenges to that representation or the lack thereof.  Second, there may also be an exception when "'a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction.'"  *Id.* (quoting *Coss*, 532 U.S. at 406).  But as detailed above, Mr. Houston had and took the opportunity to challenge his 1994 Conviction in state court.

Distribution:

Anthony Houston
No. 985182
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel